IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| XAVIER STANLEY EXUM, # 067360-007 | * | |
|     Petitioner | * | |
| | * | |
|     v | * | Civil Action No.  DKC-15-591 |
| | * | |
| UNITED STATES OF AMERICA | * | |
|     Respondent | * | |
| | *** | |

## MEMORANDUM

Pending is Xavier Stanley Exum's Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, requesting the return of $2,245 in U.S. currency. The government has filed an opposition in response to which Exum has filed a reply. (ECF Nos. 4, 6).

Exum is seeking the return of funds confiscated from him when he was arrested on January 25, 2013.  (ECF No. 3).  He avers the money belongs to his girlfriend Tyesha Mickel. *Id*.  On June 1, 2015, the government filed an opposition, seeking denial of the motion on two grounds:  1) Exum lacks standing to bring a claim on behalf of Tyesha Mickel and 2) the property is not in federal custody.

A party requesting the return of property under Rule 41(g) must have standing to seek relief from the court.  *See United States v. Matthews*, 917 F. Supp. 1090, 1105 (E.D. Va. 1996) (Rule 41(g) "demands evidence of a sufficient interest in any claimed property before the 'case or controversy' prong of Article III may be satisfied").  In his Reply, Exum appears to claim that because the money was confiscated from him by federal authorities, he has standing to request its return, even if the funds actually belong to Ms. Mickel. (ECF No. 6, p. 2).  Exum, however, does not claim ownership interest in the property, and his personal relationship with Tyesha Mickel does not appear to satisfy the standing requirement.  *Matthews*, 917 F. Supp. at 1104; *see also*

*United States v. Smith*, 142 F. App'x 100, 101 (3d Cir. 2005) (affirming dismissal of Rule 41(g) motion and ruling that petitioner lacked standing to seek return of brother's property). Instead, Ms. Mickle may wish to contact Ray D. McKenzie, Assistant United States Attorney, who can direct her to the appropriate individuals to contact to obtain her property from state law enforcement officials.

Even if Exum could demonstrate standing to pursue this claim, the government indicates the property is not in its possession.[1] The government cannot return property it does not possess, and a motion for the return property must be denied if the government does not possess the property. *See* Charles Allen Wright, Nancy J. King, & Susan R. Klein, 3A *Federal Practice and Procedure* § 673 (3d ed. 2008); *see also United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (holding that where the United States was never in possession of the property, the United States was not the proper party against which to bring suit), *United States v. White*, 718 F.2d 260, 262 (8th Cir. 1983) (holding that where the United States did not possess the property requested, a Rule 41(g) motion was properly denied); *Watkins v. United States*, No. WDQ-13-3838, 2014 WL 3661219, at *3 (D. Md. July 21, 2014) (denying Rule 41(g) motion for return of property seized by local police and not included in defendant's federal forfeiture order). Accordingly, the United States is not the proper party against which to bring suit.

For these reasons, this case will be dismissed by separate order to follow.

  September 4, 2015          _____/s/_____
Date                  DEBORAH K. CHASANOW
                     United States District Judge

---

[1] Counsel indicates that he has consulted with the case agent and learned that the subject property is in the custody of state law enforcement officials. (ECF No. 4, p. 3). Counsel, however, does not provide an affidavit in support.